# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JUANA PERLA ZAMUDIO RANGEL,

    Petitioner,

    v.

Christopher J. LaRose, Warden, Otay Mesa Detention Center; IMMIGRATION AND CUSTOMS ENFORCEMENT, Department of Homeland Security; and GREGORY J. ARCHAMBEAULT, Field Office Director, Enforcement and Removal Operations;

    Respondents.

Case No.:  3:26-cv-01505-BTM-BJW

**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Pending before the Court is Juana Perla Zamudio Rangel's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated below, the Court GRANTS IN PART and DISMISSES IN PART the petition and orders Zamudio Rangel's immediate release from custody.

26-cv-1505

## I.    BACKGROUND

Zamudio Rangel came to the United States in November 2023.  (ECF No. 4-1 ("Decl."), ¶ 1.)  She used the CBP One app to enter the country.  (*Id.*)  She was released into the country with no conditions or requirements.  (*Id.*)  Within the year, she filed an asylum application.  (*Id.*)

Zamudio Rangel later received a notice requiring her to attend an immigration court proceeding on August 26, 2025.  (*Id.* ¶ 2.)  When she arrived, Immigration and Customs Enforcement officials asked her, "Can you accompany us?"  (*Id.*)  The officials then took Zamudio Rangel to the basement of the courthouse and arrested her.  (*Id.*)  They did not explain why she was being detained, provide her paperwork, or allow her an opportunity to contest her arrest.  (*Id.* ¶ 3.)  The officials tried to have Zamudio Rangel "sign for [her] deportation," but she refused.  (*Id.* ¶ 2.)

Zamudio Rangel has remained in detention since August 2025.  (ECF No. 4 ("Am. Pet."), at 9 ("Ms. Zamudio Rangel['s detention] has almost reached the 7-month mark . . . .").)  On January 16, 2026, an immigration judge denied Zamudio Rangel's asylum claim and ordered her removed.  (Decl., ¶ 5.)  Zamudio Rangel appealed to the Board of Immigration Appeals on February 9, 2026.  (*Id.* ¶ 6.)  She filed a petition for the writ of habeas corpus on March 10, 2026, and an amended petition on March 18, 2026.  (ECF No. 1; Am. Pet.)

## II.    DISCUSSION

The Petitioner makes three claims.  First, the Petitioner argues that the Respondents violated the Administrative Procedure Act when they improperly revoked her parole.  (Am. Pet., 3–5.)  Second, that the Respondents violated the Due Process Clause of the Fifth Amendment by revoking her parole without notice and opportunity to be heard.  (*Id.* at 5–7.)  Third, in the alternative, that the Petitioner's prolonged detention without a bond hearing violates the Due Process Clause.  (*Id.* at 7–10.)  The Petitioner requests that the Court grant her release on the first two claims and a bond hearing on the third claim.  The

26-cv-1505

Respondents acknowledge that this Court has granted petitions with similar facts and legal issues. (ECF No. 6, at 2.) They "defer[] to the Court on the appropriate relief." (*Id.* at 3.)

The Court finds that relief is warranted on the second claim because the Respondents improperly revoked the Petitioner's parole. The Court declines to reach the first and third claims.

### A.  Parole Claim

### i.  Receiving Parole

Before reviewing whether the Petitioner's parole was improperly revoked, the Court must determine whether the Petitioner received parole. After immigration officials inspect a noncitizen[1] at the border, they may release the noncitizen into the country on parole. *Cf. Wang v. LaRose*, No. 26-cv-01130, 2026 WL 773085, at *1 (S.D. Cal. Mar. 18, 2026) (discussing types of parole). The decision to provide parole is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 25-cv-01309, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

Although it is uncertain which parole was given, the Court finds that the Petitioner was paroled into the country. The Petitioner stated in her declaration that she entered the United States in November 2023 "through CBP One." (Decl., ¶ 1.) The Court takes judicial notice of the fact that, at the time of her entry, the CBP One phone app allowed noncitizens to "schedule an appointment to present themselves" for an inspection with immigration officials at ports of entry in the southwest border of the United States. *CBP One Mobile Application*, U.S. Customs & Border Prot. (Nov. 30, 2023), *archived on* Internet Archive: Wayback Mach., https://web.archive.org/web/20231130202735/https://www.cbp.gov/about/mobile-apps-directory/cbpone [https://perma.cc/LZ5L-SW9V] (last visited Apr. 16, 2026); *see* Fed. R. Evid. 201. The Petitioner also attested that she had no conditions "on [her] release." (Decl., ¶ 1.) The Respondents do not contest the facts stated in the petition or declaration. Thus, the Court holds that the Petitioner was granted parole.

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

26-cv-1505

The Court now must determine whether the Respondents properly revoked their grant of parole to the Petitioner.

### ii.    Due Process Rights for Parolees

The Fifth Amendment entitles noncitizens "to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Due Process also "protects noncitizens from unlawful detention during their removal proceedings." *Esquivel Pacheco v. LaRose*, No. 25-cv-2421, 2026 WL 242300, at *6 (S.D. Cal. Jan. 29, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). Here, the Petitioner challenges her current detention as contrary to the Due Process Clause.

The Court recently analyzed the same issue in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026). There, the Court considered the *Mathews v. Eldridge* factors[2] and found that the Respondents violated the Petitioner's due process rights. 424 U.S. 319 (1976); *Tulyakov*, 2026 WL 981218, at *2. The Court adopts its previous decision and finds that a similar violation has occurred here. First, the Petitioner acquired a protected interest in being free from imprisonment once the Respondents exercised their discretion and paroled the Petitioner into the country. Second, the Respondents' process of revoking the Petitioner's parole—arresting her without notice or an opportunity to be heard—created a substantial risk that the Petitioner's liberty interest would be erroneously deprived. Third, the Respondents have not argued that their interest in immigration enforcement justifies the process used to detain the Petitioner. Taken together, the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest.

---

[2] To determine whether "the administrative procedures provided . . . are constitutionally sufficient," the Court must consider three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

26-cv-1505

The Respondents violated the Petitioner's due process rights by "detaining [her] without justification." *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025); *cf. Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021) ("If men must turn square corners when they deal with the government, it cannot be too much to expect the government to turn square corners when it deals with them."). Moreover, the Respondents do not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk. Thus, the writ must issue to release her from custody. The petition is granted on the second claim.

**B.    Other Claims**

Because the Court grants the petition on other grounds, the Court declines to reach the merits of the Petitioner's Administrative Procedure Act and prolonged detention claims. Counts One and Three of the petition are dismissed without prejudice as moot.

## III.   CONCLUSION

The petition for a writ of habeas corpus is **GRANTED** on the second claim and the writ is **ISSUED**. The Respondents shall immediately release Zamudio Rangel from custody on any preexisting conditions. The first and third claims are **DISMISSED** without prejudice as moot. The parties shall file a joint statement as to the satisfaction of the writ by April 20, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: April 17, 2026

Honorable Barry Ted Moskowitz
United States District Judge

26-cv-1505